UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHNNY EDWARD MCMAHON,

                *Petitioner*,

vs.

NEVEN, *et al.,*

                *Respondents.*

No. 2:14-cv-00076-APG-CWH

ORDER

This habeas action by a Nevada state inmate comes before the Court on petitioner's application (Dkt. #1) to proceed *in forma pauperis*, motion (Dkt. #4) for appointment of counsel, motion (Dkt. #2) for a stay, and motion (Dkt. #3) to file additional pages in the petition, as well as for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

### *Pauper Application*

The pauper application is incomplete and will be denied without prejudice. Petitioner did not attach the financial documents required for an inmate to demonstrate pauper status. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, a petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate with the pauper application. Petitioner did not attach an inmate account statement, and the financial certificate submitted apparently is from a state court form rather than the Court's required federal form.

The defects in the pauper application must be corrected before the action will proceed forward. However, as discussed further below, the Court finds that a provisional grant of

petitioner's motion for appointment of counsel is in the interests of justice, assuming financial eligibility. The Court is proceeding with provisionally appointing counsel now so that counsel will be able to proceed at this point to preserve petitioner's claims to the extent that, *arguendo*, that may be accomplished.

However, petitioner still must timely: (a) pay the filing fee or submit a proper pauper application; and (b) even if he pays the fee, submit sufficient financial materials – including a current inmate account statement – confirming his financial eligibility for appointment of counsel. If he fails to timely pay the filing fee or submit a proper pauper application, the action will be dismissed without further advance notice. If he fails to confirm his financial eligibility, the provisional appointment of counsel will not be confirmed.

With these qualifications, the Court turns to the motion for appointment of counsel.

### *Appointment of Counsel*

The Court finds, on the current record, that appointment of counsel is in the interests of justice, considering, *inter alia*: (a) petitioner's current age of 62 combined with the concurrent sentences imposed of twenty years to life, pursuant to which petitioner will not be eligible for parole consideration prior to approximately the age of 76; (b) the number and complexity of the potential procedural and substantive issues; and (c) at least the possibility that some time may remain in the federal limitation period for the assertion of claims by appointed habeas counsel in an amended petition without relation back concerns.[1]

The motion for appointment of counsel therefore will be provisionally granted, subject both to timely satisfaction of the filing fee requirement and confirmation of petitioner's financial eligibility for appointment of counsel.

Petitioner should pay heed to the following, however. Federal habeas counsel is not being appointed to act as a mere scrivener to restate and reassert each and every allegation

---

[1] Neither the Court's order nor the appointment of counsel automatically tolls the federal limitation period as to any claim. Petitioner at all times remains responsible for calculating the running of all applicable limitation periods and timely seeking relief in an appropriate proceeding, without regard to any pleading or other deadlines established herein.

and claim presented by petitioner *pro se*. The Court is not appointing counsel to pursue claims or arguments that, in counsel's independent professional judgment, have no arguable merit in a federal habeas corpus proceeding.

Petitioner thus should not assume that the Court will automatically appoint replacement counsel in the event that petitioner and federal habeas counsel do not agree on what claims or arguments should be presented. Appointed counsel's task is to pursue claims that counsel, in his or her own independent professional judgment, believes that a court may find meritorious, not to present claims that petitioner, who is not an attorney, believes to be meritorious. Counsel is under absolutely no obligation to "follow petitioner's instructions" as to what claims or arguments to present and how to present them. Accordingly, presenting the Court with an alleged conflict between federal habeas counsel and petitioner based upon a disagreement over how to pursue this case will not necessarily lead to an appointment of replacement counsel. Subject to the circumstances presented at the time, the Court potentially instead could find that the interests of justice no longer warrant the continued appointment of any counsel, based upon the premise that if petitioner has such an allegedly irreconcilable conflict with one competent attorney, the situation is not likely to be different with another competent attorney.[2] Counsel, again, is not being appointed to pursue claims that petitioner believes to be meritorious but, instead, is being appointed to pursue claims that, in counsel's independent professional judgment, have arguable merit. Competent federal habeas counsel thus possibly may not pursue all of the claims in the current pleading.

Moreover, the Court will not entertain *pro se* filings from petitioner when he is represented by appointed counsel. Following the appointment of counsel, petitioner may pursue this matter and communicate with the Court only through filings by counsel. Repeated disregard of this admonition may result in the Court vacating the appointment of counsel, depending upon the circumstances presented at the time.

---

[2] In contrast to the original state criminal proceedings, there is no Sixth Amendment right to counsel in a federal habeas proceeding. Counsel will be appointed only for so long as the Court finds that appointment of counsel is in the interests of justice.

Subject to these observations, the motion for appointment of counsel will be granted provisionally.

### *Motion for a Stay*

The *pro se* motion for a stay will be denied without prejudice to the possible filing of a counseled motion for appropriate relief following investigation and review of the matter, either in conjunction with a counseled amended petition or otherwise.

### *Motion to File Additional Pages*

The motion to file additional pages with the original petition will be granted.

IT THEREFORE IS ORDERED that the application (Dkt. #1) to proceed *in forma pauperis* is DENIED without prejudice. Petitioner shall have **thirty (30) days** within which to either pay the $5.00 filing fee or submit a properly-completed pauper application. This action will be dismissed without further advance notice if he fails to do so.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition.

IT FURTHER IS ORDERED that the motion (Dkt. #4) for appointment of counsel is provisionally GRANTED as per the remaining provisions below. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. The provisional grant of the motion is subject to petitioner, within **thirty (30) days** of entry of this order: (a) satisfying the filing fee requirement, as directed above; and (b) if a properly-completed pauper application is not filed, filing a current inmate account statement confirming his financial eligibility under 18 U.S.C. § 3006A.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline, taking into account the potential issues presented, for approximately one hundred fifty (150) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any

implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of this Court.

IT FURTHER IS ORDERED that petitioner's motion (Dkt. #2) is DENIED without prejudice and that his motion (Dkt. #3) to file additional pages in the original petition is GRANTED.

IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all state court record and related exhibits filed to, for this case, the **Las Vegas Clerk's Office**.

The Clerk accordingly shall SEND a copy of this order to the *pro se* petitioner (along with a copy of the papers that he submitted), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division. The Clerk further shall regenerate notices of electronic filing of all prior filings herein to both the Nevada Attorney General and the Federal Public Defender.

DATED: January 21, 2014.

_____
ANDREW P. GORDON
United States District Judge