UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHNNY EDWARD MCMAHON,

*Petitioner*,

vs.

NEVEN, *et al.*,

*Respondents.*

Case No. 2:14-cv-00076-APG-CWH

**ORDER**

This represented habeas action by a Nevada state inmate comes before the Court on petitioner's motion (Dkt. #26) for leave to file a second amended petition. The motion is opposed.

Petitioner has filed a counseled first amended petition within the putative facial expiration date of the federal limitation period. He seeks leave to file a counseled second amended petition by the July 21, 2014, amended pleadings deadline originally set herein – to then present any further claims or allegations following upon the completion of a full investigation and analysis by federal habeas counsel.

Petitioner is correct that the Court contemplates the possibility that such a "two-step" procedure may be warranted when it appoints counsel with time potentially remaining in the federal limitation period at the time of the appointment order. See also Dkt. #5, at 2, lines 2-4 & 17-19.

The Court of course has no obligation to reach and screen a case and appoint counsel in time for a petitioner to preserve and possibly present additional claims before the federal limitation period expires. As the caveats in the Court's orders herein reflect, petitioner – whether represented or not – at all times remains responsible for calculating the running of the limitation period and timely

presenting claims.

However, when the Court does appoint counsel in a circumstance where substantial time may remain in the limitation period, it both understands and contemplates that counsel : (a) as a first order of business will independently determine a putative facial expiration date for the limitation period and then present and preserve such claims as counsel believes should be asserted and also properly can be asserted under Rule 11 by that date, obviating the need then for any reliance upon relation back to establish timeliness as to those claims; and (b) thereafter (if the putative facial expiration date of the limitation period occurs before a full investigation is completed) will complete the full investigation and analysis that federal habeas counsel otherwise does in every case, even where the federal limitation period otherwise has expired prior to the filing of a counseled amended petition.

The Court can conceive of no other manner for newly-appointed counsel to do that other than to follow the two-step procedure followed here – presenting the claims available at the putative facial expiration date in a first amended petition and seeking leave to file a second amended petition by a date certain following the completion of a full investigation.

To be sure, the Court repeatedly has rejected the proposition that – after the filing of the proper person original petition – the limitation period is tolled as a matter of course for additional claims until such time as federal habeas counsel files a counseled amended petition following a full investigation. Petitioner, again, represented or not, remains responsible for timely presenting claims. However, before the parties and the Court get to the point of addressing whether additional claims might relate back or potentially might be timely based upon tolling, delayed accrual or a showing of actual innocence, newly-appointed counsel necessarily first must have both adequate time and a reasonable procedure within which to assess and present claims.

Petitioner – as a party – ultimately may not be able to establish the timeliness of claims in a second amended petition, whether by relation back, tolling, delayed accrual or otherwise. However, it would be putting the cart well before the horse for the Court to *either* anticipatorily toll the limitations period or anticipatorily reject as untimely claims that it does not now have before it.

Respondents point to the requirement in Local Rule LR 15-1(a) that "[*u*]*nless otherwise permitted by the Court*, the moving party shall attach the proposed amended pleading to any motion

to amend." (Emphasis added by the Court.) The present circumstance clearly is one where the Court should grant leave to amend without presentation first of the proposed pleading. The circumstance presented in truth is no different, in substance, from the circumstance in the normal run of a habeas case where appointed counsel is given a deadline to file a counseled amended petition that is correlated to the time needed for newly-appointed counsel to complete an independent investigation. The difference here is that petitioner's counsel, understandably, is following a bifurcated procedure of first preserving known claims by the putative facial expiration of the limitation period while seeking leave to present any additional claims following a full investigation – subject to any defenses that then might be raised.

The Court can see no benefit – particularly against the backdrop of a heavy habeas docket – to requiring that the petitioner instead seek leave later with a proposed second amended petition and then litigate issues as to alleged futility of amendment on the motion for leave. The circumstance presented, again, in substance is no different from the normal run of a habeas case where the represented petitioner would be presenting a counseled amended petition following a full investigation by newly-appointed counsel. In the normal run of a habeas case, the Court does not require the petitioner to file a motion for leave to file the counseled amended petition at that point; and it does not litigate defenses on a motion for leave rather than on a motion to dismiss. The fact that the petitioner here, again understandably, instead is following a two-step amendment procedure during a typical investigation period should not lead to a different procedure at the end of the bifurcated process.

The present situation is to be contrasted with a quite different situation where a petitioner seeks to amend the pleadings much later in the federal habeas case – well after the time period initially allowed for newly-appointed counsel to independently investigate the case. In such a circumstance, the Court very well may require that a petitioner establish – in the motion for leave to amend – that a specific proposed amendment would not be futile. That circumstance is not presented here, however.

The Court therefore will grant the motion for leave to amend, subject to the caveats made previously and again herein that no deadline established by the Court or extension thereof will operate in and of itself to toll the federal limitation period.

The Court also will make two modifications to the prior orders herein.

First, the Court initially provided that it would screen the counseled amended petition prior to

ordering a response. However, following further review of the papers currently on file in connection with the present motion, the Court is confident that a standard, one-only motion to dismiss case management track will be appropriate for the likely issues in this case. The Court therefore will set a response deadline tied to the second amended petition deadline – subject to the remaining provisions herein and further subject to the parties' ability to seek modification or extension as appropriate.

Second, in connection with an upcoming staff changeover, the Court will redirect the submission of any further hard copies of exhibits herein instead to Reno. Counsel need not resend any copies previously sent instead to Las Vegas, as the Clerk will handle the forwarding of any such copies to Reno.

**IT THEREFORE IS ORDERED** that petitioner's motion (Dkt. #26) for leave to file a second amended petition is GRANTED, such that petitioner shall have until **July 21, 2014,** to file a second amended petition. The foregoing deadline does not signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting any deadline or granting an extension, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

**IT FURTHER IS ORDERED** that, taking into account the large current number of claims and the potential procedural and substantive issues, respondents shall file a response to the petition, as amended, including potentially by motion to dismiss, within **ninety (90) days** of either service of a second amended petition or instead the expiration of the deadline for filing same, including any extensions. **Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.**

**IT FURTHER IS ORDERED** that any procedural defenses raised by respondents shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will

be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT FURTHER IS ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT FURTHER IS ORDERED** that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition.

**IT FURTHER IS ORDERED** that any other requests for relief by the parties by motion otherwise will be subject to the normal briefing schedule under the local rules.

**IT FURTHER IS ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.

**IT FURTHER IS ORDERED** that any further hard copies of any additional exhibits shall be delivered – for this case – to the Clerk's Office in Reno.  Any copies sent previously by counsel instead to Las Vegas do not need to be resent by counsel to Reno.

Dated:   May 29, 2014.

_____
ANDREW P. GORDON
United States District Judge