# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHNNY EDWARD MCMAHON,

 *Petitioner*,

vs.

NEVEN, et al.,

 *Respondents*.

2:14-cv-00076-APG-CWH

**ORDER**

This is petitioner's second-amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed through counsel (Dkt. #31). Before the court is respondents' motion to dismiss (Dkt. #39). Petitioner opposed the motion (Dkt. #42), respondents replied (Dkt. #46), and petitioner filed a surreply (Dkt. #48-1).

**I. Procedural History and Background**

On May 7, 2008, a jury found petitioner Johnny Edward McMahon ("McMahon" or "petitioner") guilty of three counts of sexual assault with a minor under sixteen years of age (counts 1, 3 and 5), three counts of statutory sexual seduction (counts 2, 4 and 6), and one count of open or gross lewdness (count 7). Exh. 26.[1]

---

[1] Exhibits 1-164 were filed with petitioner's first-amended petition (Dkt. #11) and are found at Dkt. #s 12-25. Exhibits 165-178 were filed with petitioner's second-amended petition (Dkt. #31) and are found at Dkt. #32. Exhibits 179-187 were filed with respondents' motion to dismiss (Dkt. #39) and are found at Dkt. #40.

On July 8, 2008, the state district court sentenced petitioner as follows: count 1: twenty years to life; count 3: twenty years to life; count 5: twenty years to life; count 7: twelve months in the county jail, with counts 1, 3, and 5 to run concurrently. Exhs. 3, 33. As requested by the State and stipulated to by the parties, the court struck counts 2, 4, and 6 as alternative charges. *See* Exh. 3. The court filed the judgment of conviction on July 29, 2008. Exh. 33.

Petitioner appealed. Exh. 54. The Nevada Supreme Court affirmed his convictions on October 16, 2009, and remittitur issued on December 22, 2009. Exhs. 57, 63.

On May 21, 2010, petitioner filed his first state postconviction petition for writ of habeas corpus, which he supplemented on March 22, 2011. Exhs. 83, 98. The state district court conducted an evidentiary hearing on December 16, 2011 and denied the petition on February 1, 2012. Exhs. 108, 109.

Next, petitioner dispatched his first federal habeas corpus petition on May 2, 2012. Case No. 2:12-cv-00774-MMD-CWH (Dkt. #4). On September 11, 2012, the court denied McMahon's motion to stay, dismissed the action without prejudice for failure to exhaust available state remedies, and judgment was entered. *Id*. at Dkt. #12.

While petitioner's appeal of the denial of his first state postconviction petition was pending before the Nevada Supreme Court, he filed a second state habeas petition on April 24, 2013. Exh. 121.

On June 13, 2013, the Nevada Supreme Court affirmed the denial of the first state postconviction petition. Exh. 124.

With leave of the court, petitioner filed an amended state postconviction petition (second state habeas proceedings) on September 10, 2013. Exh. 138.

On January 10, 2014, petitioner dispatched his original federal habeas petition in this action (Dkt. #6). This court appointed counsel, and petitioner filed a counseled, first-amended petition on March 4, 2014 (Dkt. #s 5, 11).

Subsequently on March 13, 2014, the state district court dismissed McMahon's amended state postconviction petition as untimely pursuant to NRS 34.726 and successive pursuant to NRS 34.810. Exhs. 173, 180.

On August 4, 2014, McMahon filed a counseled, second-amended federal habeas petition (Dkt.

#31).

On September 16, 2014, the Nevada Supreme Court affirmed the dismissal of the amended state postconviction petition as untimely and successive, and remittitur issued on October 15, 2014. Exhs. 186, 187.

Respondents now move to dismiss the second-amended federal petition, arguing that the claims are unexhausted and/or procedurally barred (Dkt. #39).

**II. Legal Standards & Analysis**

    **A. Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195

-3-

F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 3**

Petitioner alleges that his Fifth, Sixth and Fourteenth Amendment rights to due process and a fair trial were violated when the trial court permitted a nurse practitioner to testify with respect to physical injuries a child may have incurred as a result of an alleged assault (Dkt. #31, pp. 17-18). Respondents argue that when petitioner raised this claim on direct appeal he did not raise it as a violation of any federal constitutional rights (Dkt. #39, p. 11). Respondents also argue that additional factual allegations that the evidence was weak and the victim's testimony was unreliable render ground 3 unexhausted. *Id*. at 11-12. McMahon now agrees that this claim was not federalized on direct appeal, but argues that this court should find that he has no state corrective process available and thus find ground 3 technically exhausted (Dkt. #42, p. 5). This court declines to do so; comity dictates that state courts should have the first opportunity to review a claim that a state-court conviction violates federal law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). The fact remains that McMahon can overcome state procedural bars by demonstrating cause and prejudice. NRS 34.726(1). Accordingly, ground 3 is unexhausted.

**Ground 4(D)**

In ground 4, petitioner claims that his trial counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights (Dkt. #31, pp. 18-29). Specifically in ground 4(D),

petitioner argues that counsel failed to challenge the prosecution's failure to provide the justice court with a valid probable cause affidavit or a valid arrest warrant to support the information underlying the case. *Id*. at 25. McMahon further asserts that the State incorrectly informed the justice court that he was arrested on an arrest warrant and that he did not appear for the setting of the preliminary hearing. *Id*.

Respondents' contention that ground 4(D) is unexhausted is meritless. McMahon points out that he exhausted this claim in his appeal of the denial of his first state postconviction petition (Dkt. #42, pp. 7-8; Exh. 115, pp. 39, 42-43). Ground 4(D) is exhausted.

**Ground 4(E)**

McMahon argues that his counsel was ineffective for failing to (1) subpoena cell phone records; (2) hire an investigator; (3) conduct an investigation to identify potential witnesses who could testify on McMahon's behalf; (4) request an independent medical evaluation of victim E.H.; (5) subpoena Aaron Rents records for McMahon's computer; (6) subpoena phone records or data records; (7) interview any of the State's witnesses; (8) subpoena the victim's medical records; and (9) investigate McMahon's claim that he went to Texas to aid his sick mother rather than to flee the charges (Dkt. #31, pp. 25-26).

Having reviewed the briefing here as well as the state-court proceedings, this court determines that ground 4(E) is exhausted. *See* Exh. 115.

**Ground 4(F)**

McMahon contends that his trial counsel was ineffective when he failed to hire any expert witnesses to testify, specifically, an independent computer forensic analyst and an independent medical examiner (Dkt. #31, pp. 26-27). He presented these claims to the Nevada Supreme Court in his appeal of the denial of his first state postconviction petition. Exh. 115. Ground 4(F) is exhausted.

**Ground 4(G)**

McMahon argues that his trial counsel was ineffective when he failed to request a competency exam of McMahon's daughter (Dkt. #31, p.27). She was eight years old when she testified at trial as to events that occurred when she was four, and her mother acknowledged that the daughter was having some trouble with lying at school around the time of trial. *Id*. This claim was fairly presented to the

Nevada Supreme Court in the appeal of the denial of McMahon's first state postconviction petition. Exh. 115, pp. 41-42. Ground 4(G) is exhausted.

**Ground 4(H)**

McMahon argues that his trial counsel, Paul Wommer ("Wommer"), lacked the mental competency to render effective assistance at trial due to a brain injury he suffered in a skiing accident (Dkt. #31, pp. 28-29). This claim was presented to the Nevada Supreme Court in the litigation of McMahon's second state postconviction petition. Exh. 130, pp. 19-20; Exh. 186, pp. 5-6. Thus, ground 4(H) is exhausted.

**Ground 5(B)**

McMahon claims that his counsel was ineffective on appeal in violation of his Sixth and Fourteenth Amendment rights (Dkt. #31, pp. 30-35). As ground 5(B), McMahon asserts that his counsel failed to argue on appeal that the trial court erred in failing to hold a competency hearing for a child witness. *Id*. at 31-32.

In his opposition to the motion to dismiss, McMahon points to a few isolated phrases in a fifty-page pro se filing to the Nevada Supreme Court and argues that, in combination, they serve to exhaust ground 5(B). This court is not persuaded. The claim that appellate counsel was ineffective in failing to argue that the trial court erred in not holding a competency hearing was not fairly presented to the state supreme court. Ground 5(B) is unexhausted.

**Ground 5(C)**

McMahon argues that his counsel lacked the mental competency to render effective appellate assistance due to the brain injury (Dkt. #31, p. 32). The Nevada Supreme Court considered this claim in its order affirming the dismissal of McMahon's second state postconviction petition. Exh. 130, pp. 19-20; Exh. 186, pp. 5-6. Ground 5(C) is exhausted.

**Ground 5(D)**

McMahon contends that appellate counsel was ineffective in failing to challenge the flight instruction (Dkt. #31, pp. 33-35). Having reviewed McMahon's appeal from the denial of his first state postconviction petition, this court concludes that he fairly presented this claim to the Nevada Supreme Court. *See* Exh. 115, pp. 43, 23-40. Ground 5(D) is exhausted.

**B. Procedural Bar**

Generally, "a state prisoner's failure to comply with the state's procedural requirements in presenting his claims bar him or her from obtaining a writ of habeas corpus in federal court under the adequate and independent state ground doctrine." *Schneider v. McDaniel*, 674 F.3d 1144, 1152 (9th Cir.2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir.2003).

For the procedural default doctrine to apply, "a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir.1994). *See also Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir.1996). Where a procedural default constitutes an independent and adequate state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray*, 477 U.S. at 496.

Cause is generally shown by demonstrating that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. at 488. A habeas petitioner demonstrates prejudice by establishing that the constitutional errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis omitted).

**Grounds 4(H) and 5(C)**

The Nevada Supreme Court dismissed McMahon's second state postconviction petition as untimely and successive pursuant to NRS 34.726 and 34.810. Exh. 186. Thus, respondents argue that to the extent that this court concludes that some subparts of grounds 4 and 5 were exhausted only in McMahon's second state postconviction petition, those subparts are procedurally barred (Dkt. #39, pp. 18-19). Based on the exhaustion analysis above, the claims that were exhausted via McMahon's second state postconviction petition are grounds 4(H) and 5(C)–his claims that his counsel was mentally incompetent to render effective assistance at trial and on appeal.

Under Nevada law, the court shall dismiss a state postconviction petition filed more than one year after the entry of judgment of conviction or conclusion of the direct appeal. NRS 34.726. The state supreme court shall also dismiss a petition that is successive and an abuse of the writ. NRS 34.810(1)(b)(2). As to both statutes, petitioner bears the burden of demonstrating good cause and actual prejudice. NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Here, the Nevada Supreme Court explicitly relied on both provisions when it affirmed the dismissal of McMahon's second state postconviction petition. Exh. 186, p. 3. The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar of NRS 34.810 is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). The Ninth Circuit has also held application of NRS 34.726(1) to be independent and adequate state law grounds. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir.1996).

However, the state court's incorrect application of a procedural bar does bar federal review. *Sivak v. Hardison*, 658 F.3d 898, 907 (9th Cir. 2011); *see also Kubat v. Thieret*, 867 F.2d 351, 366 n.11 (7th Cir.1989) (deeming state procedural bar inadequate where state court "ruled that [petitioner] had waived the claim by failing to raise it on direct appeal[,]" but "[t]he record clearly shows . . . that [petitioner] did in fact raise and argue the issue in his brief on direct appeal").

Petitioner argues that the Nevada Supreme Court incorrectly applied the procedural bar to federal grounds 4(H) and 5(C) (Dkt. #42, pp. 21-23). He states that he only learned of his counsel's alleged incapacity in April 2013 (*see* Dkt. #31, p. 28). At that time, his appeal of the denial of first

state postconviction petition was pending before the Nevada Supreme Court. Exh. 115. McMahon filed a motion to remand his case to the district court for consideration of new evidence. Exh. 122. The Nevada Supreme Court denied the motion for remand and held that McMahon must bring a new petition in the state district court. Exh. 124.

McMahon's second state postconviction petition was already pending before the state district court. Exh. 121. When the Nevada Supreme Court denied the motion for remand in the first state postconviction petition, McMahon then amended his second state petition on July 2, 2013, to include the claims regarding counsel's incompetency. Exh. 130, pp. 19-21. He stated that the information about counsel's incapacity was not available until April 19, 2013. *Id*. at 19-20. McMahon included news articles about his counsel's 2013 trial on federal tax evasion charges, counsel's diminished capacity defense and federal court transcripts. *See* Exh. 130.

In its order dismissing McMahon's second state petition as untimely and successive, the Nevada Supreme Court acknowledged that McMahon characterized the evidence as "newly discovered." Exh. 186, p. 4. However, the Nevada Supreme Court held that McMahon "did not explain why he failed to raise his new claims of ineffective assistance of trial and/or appellate counsel in his first postconviction petition, and accordingly, he failed to overcome any procedural bars to those claims." *Id*. at 5.

Based on the facts as recounted above, this court agrees with petitioner that the Nevada Supreme Court appears to have incorrectly applied its procedural bar with respect to federal grounds 4(H) and 5(C) because McMahon argued and presented supporting evidence to the state supreme court that he only learned of the alleged mental incompetency in April 2013. This court concludes, therefore, that 4(H) and 5(C) are not procedurally defaulted.

**III. Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that: grounds 3 and 5(B) are unexhausted; grounds 4(D) - (H) as well as 5(C) and 5(D) are exhausted; and grounds 4(H) and 5(C) are not procedurally barred. Accordingly, this is a "mixed petition," containing both exhausted and unexhausted claims,

and petitioner, through counsel, has these options:

1.  He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2.  He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.  He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005).

The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to consider the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss petitioner's second-amended petition (Dkt. #39) is **GRANTED** in part and **DENIED** in part as follows:

1. Grounds 3 and 5(B) are **UNEXHAUSTED**.

2. Grounds 4(D) through 4(H) as well as grounds 5(C) and 5(D) are **EXHAUSTED**.

3. Grounds 4(H) and 5(C) are not procedurally barred.

**IT IS FURTHER ORDERED** that petitioner, through counsel, shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that respondents' motion for leave to file excess pages (Dkt. #45) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file surreply (Dkt. #48) is **GRANTED**. The Clerk shall detach and file the surreply (Dkt. 48-1).

Dated: September 28, 2015.

UNITED STATES DISTRICT JUDGE

-11-