# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHNNY EDWARD MCMAHON,

    Petitioner

v.

NEVEN, et al.,

    Respondents

Case No.: 2:14-cv-00076-APG-CWH

**Order**

    I dismissed Nevada state prisoner Johnny Edward McMahon's habeas corpus petition with prejudice in September 2017, and judgment was entered. ECF Nos. 73, 74. McMahon appealed, and the Ninth Circuit Court of Appeals denied a certificate of appealability. ECF No. 77.

    More than two and one-half years after the court of appeals' decision, McMahon filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), a motion for appointment of counsel, and a motion for recusal of the district judge. ECF Nos. 80, 81, 89. As discussed below, I deny the motions.

    Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1).

    Rule 60(b) applies in habeas corpus proceedings only to the extent that it is not inconsistent with the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Habeas corpus petitioners cannot "utilize a Rule

60(b) motion to make an end-run around the requirements of AEDPA" or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions. *Calderon v. Thompson*, 523 U.S. 538, 547 (1998); *see also United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir.2011) (per curiam) ("[A] state prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254.").

AEDPA generally limits a petitioner to one federal habeas corpus motion and precludes "second or successive" habeas corpus petitions unless the petitioner meets narrow requirements. *See* 28 U.S.C. § 2244(b). The statute provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or on newly discovered facts that show a high probability of actual innocence. *Id*. § 2244(b)(2)(A)-(B); *see also Gonzalez*, 545 U.S. at 529–30.

In *Gonzalez*, the Court held that a legitimate Rule 60(b) motion in a habeas action "attacks ... some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "is a filing that contains one or more 'claims,'" defined as "asserted federal bas[e]s for relief from a state court's judgment of conviction." 545 U.S. at 530, 532.

Here, McMahon re-raises numerous allegations of trial court error and ineffective assistance of counsel. ECF No. 81. He does not attack the integrity of the federal habeas proceedings; he re-argues the merits of his petition. Thus, this filing is not a Rule 60(b) motion

but instead is a second or successive habeas corpus petitions, which is proscribed under AEDPA. 28 U.S.C. § 2244(b).[1]  Therefore, McMahon's motion is denied.

McMahon also filed a motion to recuse me. ECF No. 89.  He essentially argues that I was biased because his petition was denied on the merits.  This motion is frivolous, and I deny it.

Because I deny the Rule 60(b) motion and the motion to recuse, the motion for appointment of counsel is moot.

I THEREFORE ORDER that petitioner's Rule 60(b) motion **(ECF No. 81) is DENIED**.

I FURTHER ORDER that petitioner's motion for recusal of district judge **(ECF No. 89) is DENIED.**

I FURTHER ORDER that petitioner's motion for appointment of counsel **(ECF No. 80)** and motion for extension of time to file a reply in support of the motion for counsel **(ECF No. 85) are both DENIED as moot.**

I FURTHER ORDER that a certificate of appealability is denied.

Dated: January 12, 2021

_____
U.S. District Judge Andrew P. Gordon

---

[1] McMahon would have to obtain authorization from the court of appeals before he could proceed with a second or successive petition. 28 U.S.C. § 2244(b)(3); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).